UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11
                                                :
Interep National Radio Sales, Inc., *et al*.,[1] :    Case No. 08-11079 (RDD)
                                                :
                        Debtors.                :    (Jointly Administered)
                                                :
---------------------------------------------------------------x

**ORDER ESTABLISHING PROCEDURES TO DETERMINE CURE AMOUNTS AND
DEADLINES FOR OBJECTIONS FOR EXECUTORY CONTRACTS AND
UNEXPIRED LEASES TO BE ASSUMED PURSUANT TO THE PLAN OF
REORGANIZATION**

This matter coming before the Court on the *Motion for an Order Establishing Procedures to Determine Cure Amounts and Deadlines for Objections for Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan of Reorganization* (the "Motion"),[2] filed by the above-captioned debtors, except for Interactive Video Network, Inc., Interep Interactive, Inc. and Streaming Audio, Inc., (hereinafter, with the exclusion of Interactive Video Network, Inc., Interep Interactive, Inc. and Streaming Audio, Inc., the "Debtors"); and the Court having reviewed the Motion and having considered that a hearing on the Motion is not warranted; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to

---

[1] The debtors are the following 15 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Interep National Radio Sales, Inc. (5151); American Radio Sales, Inc. (0954); Azteca America Spot Television Sales, Inc. (4976); Cumulus Major Market Sales, Inc.; D&R Radio, Inc. (4781); Hispanic Independent Television Sales, Inc. (1155); Infinity Radio Sales, Inc. (4466); Interactive Video Network, Inc. (0463); Interep Interactive, Inc. (2484); Interep Local Focus, Inc. (2239); Interep New Media, Inc. (3567); McGavren Guild, Inc. (2257); Morrison and Abraham, Inc. (7867); SBS/Interep LLC (3754); and Streaming Audio, Inc. (3549). For purposes of the Plan and this Order, Interactive Video Network, Inc., Interep Interactive, Inc. and Streaming Audio, Inc. are not included in the term "Debtor." The address of the Debtors is 100 Park Avenue, New York, NY 10017.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

28 U.S.C. §§ 157 and 1334, (b) venue for the Motion is proper in this district pursuant to 28 U.S.C. § 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (d) notice of the Motion and the Hearing was sufficient under the circumstances, and (e) in light of the circumstances, the requirement of Local Rule 9013-1(b) that a separate memorandum of law be filed in support of the Motion is deemed satisfied or otherwise waived; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to prepare and distribute on or before June 27, 2008 a written notice, substantially in the form attached hereto as Exhibit A, (each such notice, a "Notice of Intent to Assume"), to each non-debtor party to an executory contract or unexpired lease that is intended to be assumed under the Plan via first class mail, listing (i) such contract or lease and (ii) the Cure Amount, if any, which may have arisen with respect to the subject executory contract or unexpired lease through the date of the Notice of Intent to Assume.

3. The non-debtor party or parties to any such executory contracts and unexpired leases shall have until **July 14, 2008 at 10:00 a.m. (ET)** to file and serve objections to the proposed assumption of such executory contract or unexpired lease pursuant to the Plan (other than objections as to the Cure Amount) (an "Assumption Objection") and until July 18, 2008 to file and serve objections as to Cure Amounts (a "Cure Objection"), which deadlines may be extended with respect to a particular non-debtor party or parties in the discretion of the Debtors, with the consent of the Supporting Noteholders (as defined in the Plan); provided, however, that if the Debtors amend a Notice of Intent to Assume to increase or reduce the Cure Amount proposed by the Debtors, except where such increase or reduction was upon the mutual

agreement of the parties, the non-debtor party thereto shall have an additional twenty (20) days after service of such amendment to object thereto or to propose an alternative Cure Amount.

4. Any party wishing to object to the Cure Amounts or assumption of an executory contract or unexpired lease, whether or not such party previously has filed a proof of claim with respect to amounts due under the applicable executory contract or unexpired lease, shall be required to file and serve an Assumption Objection and/or a Cure Objection as the case may be, and such Objection must (i) be in writing, (ii) state the basis of such objection with specificity and attach all documents supporting or evidencing the objection, (iii) identify the executory contract or unexpired lease to which the objector is a party, (iv) with respect to a Cure Objection, state the amount the party asserts as the proper Cure Amount, the period(s) to which such amounts relate, the specific types and dates of any alleged defaults, pecuniary losses and conditions to assignment, and the support thereof, (v) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, (vi) be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court) (with a hard copy delivered directly to Chambers) and (vii) be served in accordance with General Order M-182 upon: (A) the Debtors, Interep National Radio Sales, Inc., 2090 Palm Beach Lakes Boulevard, Suite 300, West Palm Beach, Florida 33409 (Attn: Tracey Karm); (B) counsel to the Debtors, Jones Day, 222 East 41st Street, New York, NY, 10017 (Attn: Erica M. Ryland, Esq.); (C) counsel to Oaktree Capital Management, LLC, Vinson & Elkins LLP, 666 Fifth Avenue, 26th Floor, New York, New York 10103 (Attn: Jane Lee Vris, Esq.); (D) counsel to Silverpoint Capital, L.P., Paul, Weiss, Rifkind, Wharton & Garrison LLP,

1285 Avenue of the Americas, New York, New York 10019 (Attn: Alice Belisle Eaton, Esq.); and (E) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Alicia M. Leonhard, Esq.), so as to be **actually received** not later than 10:00 a.m. (ET) on July 14, 2008 in the case of Assumption Objections and July 18, 2008 in the case of a Cure Objection.

5. In the event the Debtors receive a timely Cure Objection, they shall make a good faith attempt to reconcile any differences between the Cure Amount claimed by the non-debtor party and the Cure Amount proposed by the Debtors. If the Debtors cannot reconcile such differences and the parties cannot resolve the issues themselves, the Court will determine the disputed issue at a hearing scheduled on at least ten (10) days notice to the non-debtor party.

6. In the event the Debtors receive a timely Assumption Objection and the parties cannot reach a resolution as to the objection, the Court will determine the disputed issue at a hearing on **July 15, 2008 at 10:00 a.m. (ET)**.

7. In the event that (i) no Cure Objection is timely filed and served, the applicable party shall be deemed to have consented to the Cure Amount proposed by the Debtors and shall be forever barred, estopped and enjoined from seeking any additional amount on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise with respect to the applicable executory contract or unexpired lease from the Debtors, the Reorganized Debtors, their respective successors, or their respective properties; provided, however, a non-debtor party may, within the twenty days of notice of the confirmation of the Plan, file a claim or request for payment for a cure amount relating to the period after the date of the Notice of Intent to Assume and before the date of confirmation of the Plan, and (ii) no Assumption Objection is timely filed and served upon the effective date of the Plan, the

Reorganized Debtors shall succeed to the rights and benefits of the Debtors and shall enjoy all of the Debtors' rights and benefits under the applicable executory contract or unexpired lease without the necessity of obtaining any party's written consent to the assumption of such rights and benefits or the transactions contemplated by the Plan, and each party shall be deemed to have waived any right to object, consent, condition or otherwise restrict any assumption of such executory contract or unexpired lease or any of the transactions contemplated by the Plan as they pertain to the assumption of such contract or lease, including without limitation the vesting in the Reorganized Debtors of the rights, benefits and other property of the Estates (as defined in the Plan) and the change of ownership upon issuance of the equity securities under the Plan, and neither consummation of the Plan nor any such transaction shall give rise to any rights of termination or result in a default under any such executory contract or unexpired lease.

8. As set forth in the Plan, (i) the Debtors shall, subject to the consent of the Supporting Noteholders, be entitled at any time prior to the tenth (10th) day before the Confirmation Hearing to add or delete executory contracts and unexpired leases on the Contract Assumption Schedule and/or the Contract Rejection Schedule, and (ii) the Debtors and Reorganized Debtors shall, subject to the consent of the Supporting Noteholders, be entitled to file a motion after the Confirmation Date to reject any executory contract or unexpired lease for which an objection to a Cure Amount proposed by the Debtors has been timely filed, if the Debtors or Reorganized Debtors determine in their discretion (but only with the consent of the Supporting Noteholders) that in light of the Cure Amount asserted by the non-debtor party or in light of the Bankruptcy Court fixing a Cure Amount that is materially higher than the Cure

Amount anticipated by the Debtors, assumption of such executory contract or unexpired lease is not in the best interests of the Debtors or Reorganized Debtors.[3]

9. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
June 25, 2008

                                                                                       /s/ Robert D. Drain
                                                              UNITED STATES BANKRUPTCY JUDGE

---

[3] Capitalized terms in this paragraph not otherwise defined herein or in the Motion shall have the meanings given to them in the Plan.

# **EXHIBIT A**

JONES DAY
Erica M. Ryland
Scott J. Friedman
Ross S. Barr
Benjamin Rosenblum
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                          :  Chapter 11
                                               :
Interep National Radio Sales, Inc., *et al.*,[1]  :  Case No. 08-11079 (RDD)
                                               :
                       Debtors.                :  (Jointly Administered)
                                               :
---------------------------------------------------------------x

**NOTICE OF DEBTORS' INTENT TO ASSUME CERTAIN EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES**

**PLEASE TAKE NOTICE** that the above captioned debtors, except for Interactive Video Network, Inc., Interep Interactive, Inc. and Streaming Audio, Inc., (hereinafter, with the exclusion of Interactive Video Network, Inc., Interep Interactive, Inc. and Streaming Audio, Inc., the "Debtors") filed the *Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code for Debtors Interep National Radio Sales, Inc.; American Radio Sales, Inc.; Azteca America Spot Television Sales, Inc.; Cumulus Major Market Sales, Inc.; D&R Radio, Inc.; Hispanic Independent Television Sales, Inc.; Infinity Radio Sales, Inc.; Interep Local Focus, Inc.; Interep New Media, Inc.; McGavren Guild, Inc.; Morrison and Abraham, Inc.; and SBS/Interep LLC dated May 29, 2008* (as the same may be amended or modified, the "Plan").

---

[1] The debtors are the following 15 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Interep National Radio Sales, Inc. (5151); American Radio Sales, Inc. (0954); Azteca America Spot Television Sales, Inc. (4976); Cumulus Major Market Sales, Inc.; D&R Radio, Inc. (4781); Hispanic Independent Television Sales, Inc. (1155); Infinity Radio Sales, Inc. (4466); Interactive Video Network, Inc. (0463); Interep Interactive, Inc. (2484); Interep Local Focus, Inc. (2239); Interep New Media, Inc. (3567); McGavren Guild, Inc. (2257); Morrison and Abraham, Inc. (7867); SBS/Interep LLC (3754); and Streaming Audio, Inc. (3549). For purposes of the Plan and this Notice, Interactive Video Network, Inc., Interep Interactive, Inc. and Streaming Audio, Inc. are not included in the term "Debtor." The address of the Debtors is 100 Park Avenue, New York, NY 10017

**PLEASE TAKE FURTHER NOTICE** that on June 25, 2008 the Bankruptcy Court entered an order (the "Order") (i) establishing procedures to fix the cure obligations that must be paid pursuant to section 365 of the Bankruptcy Code in order to assume an executory contract or unexpired lease (the "Cure Amount") and (ii) establishing deadlines for filing objections to such Cure Amounts or any other objection relating to the Debtors' assumption of an executory contract and/or unexpired lease that may be assumed pursuant to the Plan.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, **July 14, 2008 at 10:00 a.m. (ET)** is the deadline to file an objection (other than an objection as to the Cure Amount) to the assumption of an executory contract or unexpired lease and July 18, 2008 is the deadline to file an objection to the Cure Amount.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have identified their outstanding obligations that are **presently due** with respect to the executory contract or unexpired for which the recipient of this notice is listed as a party. The Cure Amount for such contract or lease is set forth on Schedule 1 attached hereto and incorporated herein by reference. For the sake of clarity, **amounts owing, but not yet due**, are **not** reflected in Schedule 1 attached hereto and will also be paid, as Cure, with respect to assumed executory contracts and/or unexpired leases.

**PLEASE TAKE FURTHER NOTICE that if you are a client or customer of the Debtors, the Debtors intend to perform their obligations to you in the ordinary course of their business as provided for in the Order (I) Authorizing the Debtors to Honor Certain Prepetition Obligations and Setoffs to Clients and Customers; and (II) Granting Certain Related Relief.**

**PLEASE TAKE FURTHER NOTICE** that upon the effective date of the Plan, the Reorganized Debtors shall succeed to the rights and benefits of the Debtors and shall enjoy all of the Debtors' rights and benefits under each executory contract or unexpired lease which is assumed, without the necessity of obtaining any party's written consent to the assumption of such rights and benefits or the transactions contemplated by the Plan, and each party shall be deemed to have waived any right to object, consent, condition or otherwise restrict any assumption of such executory contract or unexpired lease or any of the transactions contemplated by the Plan, including without limitation the vesting in the Reorganized Debtors of the rights, benefits and other property of the Estates (as defined in the Plan) and the change of ownership upon issuance of the equity securities under the Plan, and neither consummation of the Plan nor any such transaction shall give rise to any rights of termination or result in a default under any such executory contract or unexpired lease.

**PLEASE TAKE FURTHER NOTICE** that any party wishing (a) to object to the assumption of an executory contract or unexpired lease (other than to the proposed Cure Amount) (an "Assumption Objection") or (b) wishing to object to the proposed Cure Amount (a "Cure Objection"), whether or not such party previously has filed a proof of claim with respect to amounts due under the applicable executory contract or unexpired lease, must file and serve an Assumption Objection and/or a Cure Objection, as the case may be, (i) in writing, (ii) stating the

basis of such objection with specificity and attaching the documents supporting or evidencing the objection, (iii) identifying the executory contract or unexpired lease to which the objector is a party, (iv) stating, in the case of a Cure Objection, the amount the party asserts is the proper Cure Amount, the period(s) to which such amounts relate, the specific types and dates of any alleged defaults, pecuniary losses and other relevant information, and the support thereof, (v) conforming to the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and file such Objection with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court) (with a hard copy delivered directly to Chambers) and serve it in accordance with General Order M-182 upon: (A) the Debtors, Interep National Radio Sales, Inc., 2090 Palm Beach Lakes Boulevard, Suite 300, West Palm Beach, Florida 33409 (Attn: Tracey Karm); (B) counsel to the Debtors, Jones Day, 222 East 41st Street, New York, NY, 10017 (Attn: Erica M. Ryland, Esq.); (C) counsel to Oaktree Capital Management, LLC, Vinson & Elkins LLP, 666 Fifth Avenue, 26th Floor, New York, New York 10103 (Attn: Jane Lee Vris, Esq.); (D) counsel to Silverpoint Capital, L.P., Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Alice Belisle Eaton, Esq.); and (E) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Alicia M. Leonhard, Esq.), so as to be **actually received** not later than 10:00 a.m. (ET) on July 14, 2008 in the case of an Assumption Objection and July 18, 2008 in the case of a Cure Objection.

**PLEASE TAKE FURTHER NOTICE** that in the event that no Cure Objection is timely filed and served, the applicable party shall be deemed to have consented to the Cure Amount proposed by the Debtors and shall be forever barred, estopped and enjoined from seeking any additional amount on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, the Reorganized Debtors, their respective successors, or their respective properties, provided, however, a non-debtor party may, within the twenty days of confirmation of the Plan, file a claim or request for payment for a cure amount relating to the period after the date of the Notice of Intent to Assume and before the date of confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE** that timely filed objections (other than objections as to the Cure Amount), if any, will be heard by the Bankruptcy Court on **July 15, 2008 at 10:00 a.m. (ET)** and objections as to the Cure Amount will be heard by the Bankruptcy Court at a hearing to be scheduled on at least ten (10) days notice to the non-debtor party.

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Motion, Order and other documents filed in connection with the Debtors' chapter 11 cases may be obtained from the Bankruptcy Court's website http://www.ecf.nysb.uscourts.gov or, without charge, at the website of the Debtors' claims and noticing agent at http://www.kccllc.net/Interep.

Dated: _____, 2008
       New York, New York

Respectfully submitted,

_____
Erica M. Ryland
Scott J. Friedman
Ross S. Barr
Benjamin Rosenblum
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

ATTORNEYS FOR DEBTORS

## Schedule 1

## Executory Contract(s) and/or Unexpired Lease(s) to be Assumed

| Contract Description | Cure Amount |
|---|---|
|  |  |